IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:17CR74-LG-JCG-1
CIVIL ACTION NO. 1:18CV259-LG

**JERRY STREET**

## ORDER TRANSFERRING SUCCESSIVE § 2255 MOTION

BEFORE THE COURT is the [28] Motion to Reverse or Vacate Order filed by Jerry Street, which asks the Court to set aside its prior [27] Order Denying Motion to Vacate Under 28 U.S.C. § 2255. After reviewing the Motion, the record in this matter, and applicable law, the Court finds that Street's Motion should be transferred to the United States Court of Appeals for the Fifth Circuit as a successive Petition filed under 28 U.S.C. § 2255.

I. BACKGROUND

Street pleaded guilty to an information accusing him of one count of possession with intent to distribute methamphetamine. On January 18, 2018, the Court sentenced Street to a term of 143 months' imprisonment and three years' supervised release, with a fine of $5000 and a $100 special assessment.

On August 7, 2018, Street filed a § 2255 Motion alleging two counts of ineffective assistance of counsel. He thereafter filed a Motion to Supplement, which the Court construed as a motion to amend the pending § 2255 Motion and, accordingly, granted. The amended Motion included four additional grounds for

relief under § 2255. On February 21, 2019, the Court denied the amended § 2255 Motion. (*See* Order Den. Mot. Pursuant to 28 U.S.C. § 2255, ECF No. 27.)

On December 9, 2019, Street filed in the instant Motion, which asks this Court to "reverse or vacate" the Order denying him § 2255 relief.

## II. DISCUSSION

"A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining [the Fifth Circuit's] authorization." *United States v. Hernandez*, 708 F.3d 680, 681 (5th Cir. 2013) (citing 28 U.S.C. § 2255(h)). Thus, district courts do not have jurisdiction to consider successive § 2255 motions unless the Fifth Circuit has authorized the successive motion. *Id.* "If a second or successive section 2255 motion is filed in the district court before leave of [the Fifth Circuit] has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to [the Fifth Circuit]." *In re Hartzog,*, 444 F. App'x 63, 64-65 (5th Cir. 2011) (citing *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). A "later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Although Street has styled his filing as some sort of motion to reconsider, he essentially seeks a second bite at the § 2255 apple. His claims could have been raised in either of his prior motions, and, in fact, were raised. He again argues that

his counsel was ineffective for failing to challenge the quantity of drugs attributed to him in the Presentence Investigation Report. Although he cites to one subsequently-decided Supreme Court case – *Garza v. Idaho*, 139 S. Ct. 738 (2019) – this decision had no bearing on the issues in this case. In *Garza*, the Court held that an attorney renders ineffective assistance of counsel by failing to file a notice of appeal when his or her client clearly requests that one be filed. No such allegation is present in the instant case, and Fifth Circuit precedent has long been in line with the holding in *Garza*. Therefore, the instant Motion constitutes an unauthorized, successive § 2255 motion, which the Court elects to transfer to the United States Court of Appeals for the Fifth Circuit. *Hartzog*, 444 F. App'x at 64-65.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [28] Motion to Reverse or Vacate Order filed by Jerry Street is **TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE